IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| CYNTHIA THOMAS, | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 16-3754 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | * |
| Defendant.[1] | * |

************

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Cynthia Thomas seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 18).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

Plaintiff was born in 1963, has a high-school education, and previously worked as an after-school teaching assistant. R. at 42-43, 66. Plaintiff protectively filed an application for DIB on October 3, 2008, alleging disability beginning on June 1, 2005, due to depression, sleep apnea, high blood pressure, a lumbar spine impairment, severe low back pain, hypertensive cardiovascular disease, and brittle diabetes. R. at 363-64, 401. The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 179-87. On February 15, 2011, ALJ Eugene Bond held a hearing at which Plaintiff and a vocational expert ("VE") testified. R. at 99-122. On April 8, 2011, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of June 1, 2005, through the date last insured of December 31, 2010. R. at 125-40. Plaintiff sought review of this decision by the Appeals Council, which granted Plaintiff's request for review, reversed the ALJ's decision, and remanded the case for further proceedings on September 5, 2012. R. at 141-45.

A supplemental hearing was held on August 16, 2013. R. at 74-98. The ALJ again denied Plaintiff's claim in a decision dated September 5, 2013. R. at 146-69. Plaintiff again sought review by the Appeals Council, which granted Plaintiff's request for review, reversed the ALJ's decision, and remanded the case for further proceedings on November 26, 2014. R. at 170-74.

A second supplemental hearing was held before ALJ Thomas Mercer Ray on March 9, 2015, at which Plaintiff, her husband, and a VE testified. R. at 38-73. On June 17, 2015, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of

June 1, 2005, through the date last insured of December 31, 2010. R. at 14-37. Plaintiff again sought review by the Appeals Council, which denied Plaintiff's request for review on July 27, 2016. R. at 4-8. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On November 20, 2016, Plaintiff filed a complaint in this Court seeking review of the Commissioner's final decision. After the parties consented, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

### Summary of Evidence

**A.     Plaintiff's Testimony**

The ALJ summarized Plaintiff's testimony in his decision:

> [Plaintiff] alleges disabling limitations due to depression, sleep apnea, high blood pressure, cholesterol, lumbar spine impairment, severe back pain, hypertensive cardiovascular disease, hypertension, and brittle diabetes impairment. She testified that she stopped working because she found herself very tired throughout the day. She stated that she was then diagnosed with sleep apnea, and received a CPAP machine. [Plaintiff] stated that she could not cook, do laundry, or drive, and it hurt to stand or bend over. She testified that her husband does the laundry, prepares meals, and sometimes takes off work to take her places. [Plaintiff] stated that she lives in a three-floor home and has to go up one flight of stairs to her bedroom. She stated that her condition has gotten worse over time.

R. at 23 (citation omitted); *see* R. at 42-50.

3

**B.     VE Testimony**

The VE testified that a hypothetical individual with the same age, education, and work experience as Plaintiff and with the residual functional capacity ("RFC") outlined below in Part III could not perform Plaintiff's past work as an after-school teaching assistant but could work as an inspector, mail clerk, or garment folder. R. at 66-70. According to the VE, her testimony was consistent with the *Dictionary of Occupational Titles*.[3]  R. at 72.

## III

## **Summary of ALJ's Decision**

On June 17, 2015, the ALJ found that, through the date last insured of December 31, 2010, Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of June 1, 2005; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was unable to perform her past relevant work; but (5) could perform other work in the national economy, such as an inspector, non-postal mail clerk, or garment folder. R. at 20-28. The ALJ thus found that she was not disabled from June 1, 2005, through the date last insured of December 31, 2010. R. at 28-29.

---

[3] "The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015); *DeLoatche v. Heckler*, 715 F.2d 148, 151 n.2 (4th Cir. 1983); 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1). "Information contained in the [*Dictionary of Occupational Titles*] is not conclusive evidence of the existence of jobs in the national economy; however, it can be used to establish a rebuttable presumption." *English v. Shalala*, 10 F.3d 1080, 1085 (4th Cir. 1993).

In so finding, the ALJ found that Plaintiff had (1) mild restriction in activities of daily living; (2) moderate difficulties in social functioning; (3) moderate difficulties with regard to concentration, persistence, or pace; and (4) experienced no episodes of decompensation of extended duration. R. at 21-22. The ALJ then found that , through the date last insured, Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) including the ability to occasionally lift and/or carry twenty pounds and frequently lift and/or carry ten pounds; could stand or walk for a total of six hours in an eight-hour workday; could sit for a total of six hours in an eight-hour workday; could push or pull, as much as [she] can lift and/or carry; could occasionally climb ramps or stairs; could never climb ladders, ropes or scaffolds; could occasionally balance, stoop, kneel, crouch and crawl; occasional exposure to extreme cold, fumes, odors, dusts, gases and poor [ventilation]; no exposure to hazards such as moving mechanical parts and unprotected heights; constantly understand, remember and carry out instructions concerning simple, routine tasks; occasionally understand, remember and carry out instructions concerning detailed tasks; can constantly make simple decisions; occasionally make detailed decisions; can have frequent interaction with coworkers and supervisors; and only occasional interaction with the public.

R. at 22-23.

## IV

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the

region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age,

education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

V

**<u>Substantial Evidence Standard</u>**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.

8

1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

Among Plaintiff's arguments is her contention that the ALJ erroneously assessed her RFC. Pl.'s Mem. Supp. Mot. Summ. J. 4-8, ECF No. 15-1. In particular, Plaintiff maintains that, although the ALJ determined that she had moderate difficulties with regard to concentration persistence, or pace, the ALJ failed to include any limitation on concentration or task persistence in the RFC assessment. *Id.* at 7-8; *see* R. at 22-23. As discussed below, because inadequacy of the ALJ's analysis frustrates meaningful review, the Court remands this case for further proceedings.

Social Security Ruling[5] 96-8p explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks

differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, "[p]ursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015).

Here, the ALJ's hypothetical question to the VE and the corresponding RFC assessment limiting Plaintiff to the ability to "constantly understand, remember and carry out instructions concerning simple, routine tasks" and to "occasionally understand, remember and carry out instructions concerning detailed tasks" (R. at 23; *see* R. at 69) ostensibly account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace. *See Dworak v. Colvin*, No. 3:15-cv-446-JAG, 2016 WL 4107698, at *2 (E.D. Va. July 29, 2016); *Fulton v. Comm'r, Soc. Sec.*, No. JFM-15-2419, 2016 WL 1460463, at *4 (D. Md. Apr. 14, 2016). The ALJ found, however, that Plaintiff

> reports problems with memory, completing tasks, concentration, understanding, and following instructions. She reported getting confused and forgetful when trying to follow instructions. However, [Plaintiff's] regular activities suggest that she maintains considerable abilities in this domain. She cares for her children, shops in stores, and attends services. Her treating provider repeatedly noted normal concentration. Therefore, the evidence supports moderate difficulties in concentration, persistence, and pace.

R. at 22 (citations omitted). The Court is unable to ascertain how the ALJ determined that these moderate difficulties cause Plaintiff to understand, remember, and carry out simple instructions

"constantly" or to understand, remember, and carry out detailed instructions "occasionally." While "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)), "the ALJ 'must build an accurate and logical bridge from the evidence to his conclusion,'" which the ALJ did not do so here. *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). In short, because the inadequacy of the ALJ's analysis frustrates meaningful review, remand under the fourth sentence of 42 U.S.C. § 405(g) is appropriate, and the Court need not address Plaintiff's remaining arguments. *See Mascio*, 780 F.3d at 636.

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: March 16, 2018 /s/
Thomas M. DiGirolamo
United States Magistrate Judge